IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 23-111 |
| AMJAD RAHIM | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Amjad Rahim engaged in discussions regarding the planning of an arson of an occupied building over the course of several weeks. After his co-defendants set fire to the building, he attempted to help cover-up their involvement, and repeatedly lied to law enforcement for months after the fire. For these reasons, as well as for the reasons provided below, the government recommends a sentence of incarceration within the advisory guideline range of 70 to 87 months, absent any basis for a below-guideline sentence addressed in the supplemental sealed attachment to this sentencing memorandum.

A sentencing court follows a two-step process, first calculating the range under the Sentencing Guidelines, and then considering that range along with all pertinent 18 U.S.C. § 3553(a) factors in determining the appropriate sentence. *See* USSG § 1B1.1 (Nov. 1, 2025).[1]

At the second step of the sentencing process, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the

---

[1] Courts previously followed a three-step process, in which the court first calculated the guideline range, then next ruled on motions for departure, before considering the 3553(a) factors. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). In an extensive amendment to the Guidelines effective November 1, 2025, the Sentencing Commission eliminated the departure provisions in the manual and dictated the two-step process described above.

§ 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted). *See also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing.").

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors.

I. **BACKGROUND**

On March 29, 2023, the defendant pled guilty to one count of accessory after the fact, in violation of 18 U.S.C. § 3, and one count of false statements, in violation of 18 U.S.C. § 1001. During his plea colloquy, the defendant admitted that he assisted co-defendant Al-Ashraf Khalil in his attempt to cover-up the fact that Khalil and another co-defendant set fire to the building at 300 W Indiana Avenue, including by lying to law enforcement about his knowledge of the arson.

II. **SENTENCING CALCULATION**

 A. **Statutory Maximum Sentence.**

Count One (accessory after the fact), 15 years' imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment; Count Two (false statements): 5 years' imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment.

Total Maximum Sentence is: 20 years' imprisonment, 3 years of supervised release, a $500,000 fine, and a $200 special assessment.

Supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to two years per count. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

B.     **Sentencing Guidelines Calculation**.

The Probation Office correctly calculated the defendant's advisory guideline range as follows: the base offense level is 30, pursuant to § 2X3.1 (PSR ¶ 25). The defendant receives a total of a three-level downward deduction for his timely acceptance of responsibility in this case (PSR ¶¶ 32 and 33). He has no criminal history, resulting in a criminal history category of I (PSR ¶¶ 35-38).[2] Offense level 27 and a criminal history category of I results in a guideline imprisonment range of 70 to 87 months (PSR ¶ 66).

III.   **ANALYSIS**

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh v. United States*, 569 U.S. 530, 542 (2013) (quoting

---

[2] The defendant is not eligible for the zero-point offender deduction because the underlying offense for his substantive counts resulted in death. *See* USSG § 4C1.1(a)(4).

*Freeman v. United States*, 564 U.S. 522, 529 (2011) (plurality opinion); ellipsis in original). "Common sense indicates that in general, this system will steer district courts to more within-Guidelines sentences." *Peugh*, 569 U.S. at 543. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id.* at 544.

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

    A.    **Consideration of the 3553(a) Factors.**

The defendant engaged in serious offenses. He assisted with the planning and cover-up of an arson and repeatedly lied to law enforcement for months about his knowledge of the crime. His crime falls squarely within the class of cases to which the applicable guidelines are addressed, and thus consideration of the nature of the offense, § 3553(a)(1), counsels in favor of the guideline sentence.

Although this is the defendant's first conviction, the seriousness of the conviction supports the need for a guideline sentence, subject to any considerations set forth in the sealed

supplement. The recommended term of imprisonment would "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2). Furthermore, the recommended sentence of incarceration affords adequate deterrence to others who would commit a similar offense, and protects the public from further crimes of the defendant, for at least as long as he remains incarcerated. *Id.*

In addition, adherence to the recommended guideline range assures that the defendant's sentence is consistent with those imposed nationwide on similarly situated offenders, thus complying with Section 3553(a)(6) and avoiding undue disparity.

There is no need in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." § 3553(a)(2)(D). Also, restitution is not an issue in this case. § 3553(a)(7).

At the same time, the defendant has not set forth any persuasive argument for leniency. According to an update from the probation office, the defendant is not currently employed, and lives alone.

For these reasons, the government is seeking a significant sentence consistent with all the factors under Section 3553(a), as further addressed in the Sealed Supplement.

## IV. CONCLUSION

The government's final recommendation regarding sentencing appears in the sealed attachment.

>Respectfully submitted,
>
>DAVID METCALF
>United States Attorney
>
>
>*/s Amanda R. Reinitz*
>AMANDA R. REINITZ
>Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this Sentencing Memorandum has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

S. Michael Musa-Obrego, Esquire
molawfirm@gmail.com

/s Amanda R. Reinitz
AMANDA R. REINITZ
Assistant United States Attorney

DATED:  November 5, 2025.